OPINION
Defendant-appellant, Dwayne Martin, appeals from a judgement rendered by the Belmont County Common Pleas Court, sentencing him to twelve months incarceration, the maximum sentence allowed, on a plea of guilty to possession of drugs, a fifth degree felony. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS
On October 9, 1999, appellant was taken into custody as a result of a drug bust by Belmont County law enforcement agencies. Pursuant to his arrest, appellant was charged with possession of drugs, a second degree felony in violation of R.C. 2925.11(C) (4)(d), with a specification. He was also charged with conspiracy to commit felony drug trafficking, a third degree felony in violation of R.C. 2923.01(A)(1).
Approximately four days later, while incarcerated at the Belmont County Jail, appellant was found to be in possession of crack cocaine in excess of one gram. As a result, a fourth degree felony charge of possession of drugs in violation of R.C. 2925.11 (C)(4)(b) was added to the previous charges.
On November 4, 2000, appellant was indicted on all three counts by the Belmont County Grand Jury.
Plea negotiations ensued whereby appellee, State of Ohio, agreed to amend the possession of drugs charge to a felony of the fifth degree and dismiss all other charges in exchange for a guilty plea. Appellant accepted these terms, and the agreement was subsequently approved by the trial court. Upon approval, the trial court ordered a pre-sentence investigation and a victim impact statement and scheduled the case for sentencing on January 7, 2000.
At the sentencing hearing, appellant requested that the trial court impose a suspended sentence. Appellee recommended a maximum twelve month term of incarceration. After considering the evidence presented, the trial court imposed the maximum prison term of twelve months and gave appellant credit for the three months he had already served. This appeal followed.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING THE DEFENDANT TO MAXIMUM STATED PRISON TERM OF TWELVE (12) MONTHS."
In appellant's one-sentence argument, he merely concludes that the trial court abused its discretion in sentencing him to the twelve month maximum sentence. Appellant has not explained the reason for this contention.
Nonetheless, we will consider the propriety of issuing the maximum sentence in this case.
 LAW AND ANALYSIS
R.C. 2929.11 provides two overriding purposes of felony sentencing. They are: (1) to protect the public from future crime by the offender and others, and (2) to punish the offender. In order to achieve these purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
Pursuant to R.C. 2929.13(B), when sentencing an offender for a felony of the fifth degree, the trial court must consider certain factors. One such factor is whether the offender has previously served a prison term. R.C. 2929.13(B)(1)(g). If the court finds that the offender previously served a prison term, it must consider the factors set forth in R.C.2929.12. Under R.C. 2929.12, there are two primary categories of factors the court must consider in making the sentencing determination. Those categories are seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent that they are helpful in achieving the overriding purposes and principles of felony sentencing.
The seriousness factors enumerated in R.C. 2929.12 take one of two forms: (1) factors that make an offense more serious than conduct normally constituting the offense, and (2) factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:
"(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 The factors relating to recidivism are enumerated under R.C. 2929.12(D). They are:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense."
If the sentencing court makes a finding described in division (B)(1)(a) through (h) of R.C. 2929.13 and, if the court, after considering the factors set forth in R.C. 2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11
and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender. R.C. 2929.13 (B)(2)(a).
After finding that appellant had previously served a prison term, the trial court properly considered the factors set forth in R.C. 2929.12. It determined that all of the recidivism factors under R.C. 2929.12(D) applied. Furthermore, it found that appellant was not amenable to an available community control sanction. As such, the trial court was required to impose a prison sanction.
The maximum sentence for a fifth degree felony is 12 months. R.C.2929.14(A)(5). A maximum sentence may be imposed "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." R.C.2929.14(C). The court must make a finding that gives its reasons for imposing the sentence. R.C. 2929.19(B)(2)(d). The record of the sentencing hearing must reflect the findings and the reasons therefor.State v. Edmonson (1999), 86 Ohio St.3d 324, 328-29.
In reviewing a felony sentence, we are governed by R.C. 2953.08(G), which provides that we may increase, reduce, or otherwise modify a sentence, or we may vacate the sentence and remand the matter to the trial court for resentencing if we clearly and convincingly find that a sentence was improperly imposed. The sentence in this case was not improper. The trial court found that all of the recidivism factors in R.C. 2929.12(D) applied. At the sentencing hearing, the trial court stated that recidivism is likely. (Tr. 11). The court also determined that this was the worst form of the offense. (J.E. 3). In explaining its sentence pursuant to Edmonson, supra, the court stated, "* * * does your criminal history show that your going to repeat this? As of today, it does. You have an offense that was committed while you were actually in jail. Drugs that were found on you while you were here. * * *" (Tr. 11). Thus, the trial court complied with the felony sentencing guidelines.
Furthermore, while incarcerated on drug charges, appellant was found to be in possession of crack cocaine. Pursuant to appellant's plea bargain, separate charges consisting of second, third and fourth degree felonies were reduced to a single fifth degree felony charge. Senate Bill 2 was not enacted to make mindless drones out of trial judges. While it offers guidelines for trial courts, judges still retain discretion in imposing a sentence as long as due consideration of those guidelines are evident from the record. Appellant wants the best of both worlds. Despite having his charges reduced significantly, he avers that once reduced, the trial judge also had to suspend his sentence. We do not agree. Among the other factors in this case, the trial court was permitted to consider the original charges along with the other factors set forth in Senate Bill 2 when imposing a sentence for the reduced charge. Therefore, appellant's assignment of error is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
 ______________ VUKOVICH, P.J.
Donofrio, J., concurs.
Waite, J., concurs.